IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION

| | | |
|---|---|---|
| JOE A. WHALEY, on behalf of himself and all other similarly situated persons, | ) ) ) ) | |
| Plaintiffs, | ) ) | CLASS ACTION |
| v. | ) ) | COMPLAINT |
| | ) | COLLECTIVE ACTION § 216(b) |
| OWL, INC., | ) ) | Civil Action No.: |
| Defendant. | ) ) ) | |

I.  <u>PRELIMINARY STATEMENT</u>

1.  This is a collective action pursuant to the Fair Labor
Standards Act ("FLSA"), 29 U.S.C. §216(b), and a class action under the
NC Wage and Hour Act ("NCWHA"), N.C.Gen.Stat. §§95-25.1 et seq. by one
former employee against a closely held enterprise and corporation who
employed him and other similarly situated persons to provide non-
emergency medical transportation (NEMT) through the driving of vans with
a gross vehicle weight of less than 10,000 pounds in and around
Greenville, Pitt County, North Carolina, other locales in North
Carolina, Virginia, Georgia, Florida, South Carolina, Missouri, and
California.

2.  The closely held enterprise and corporation were and are part
of a single business enterprise operated by its CEO, President and
Secretary Laster B. Walker, Sr. since at least 2004 in one or more
counties in North Carolina that are listed in 28 U.S.C. §§ 113(a)-(b),
and in other counties located in Virginia, Georgia, Florida, South
Carolina, Missouri, and California.  This action is brought under the
FLSA for unpaid overtime wages based upon the defendants' failure to pay

1

the named plaintiff and the group of workers he seeks to represent in a collective action pursuant to 29 U.S.C. § 216(b) the wages they were due at the overtime rate required by 29 U.S.C. §207 when the plaintiff and those group of workers worked in excess of forty hours in the same workweek.

3.    It is also brought as a class action under N.C.Gen.Stat. §§ 95-25.6, 95-25.13(1)-(2), and 95-25.22(a)-(a1) and 95-25.22(d) of the NCWHA based upon the defendant's failure to pay all wages when due on the regular scheduled payday for the plaintiff and those employees who were and/or are similarly situated to him based upon the defendant's failure to compensate the plaintiff and those similarly situated employees for travel that was and is all in the day's work and for work time when they were and are not completely relieved from duty when they were on the road engaged in NMET of OWL, INC. clients.

4.    This action is also brought under N.C.Gen.Stat. §§ 95-25.6, 95-25.13(1)-(2), and 95-25.22(a)-(a1) and95-25.22(d) of the NCWHA based upon the defendants' failure to pay all promised wages at 1½ times the regular rate at which OWL, INC. employed the plaintiff and those similarly situated employees and disclosed to him and other similarly situated employees pursuant to N.C.Gen.Stat. §§ 95-25.13(1)-(2) on the regular payday when those wages were due pursuant to N.C.Gen.Stat. § 95-25.6 of the NCWHA for those workweeks in which the plaintiff and those other similarly situated employees worked in excess of forty hours worked in the same workweek.

5.    Based upon his claims under 29 U.S.C. § 207 of the Fair Labor Standards Act, his NCWHA claim under N.C.Gen.Stat. §§ 95-25.6 and 95-25.13(1)-(2) that are described in ¶3 above, and the plaintiff's claim under N.C.Gen.Stat. §§ 95-25.6 and 95-25.13(1)-(2) of the NCWHA

2

described in ¶4 above, the plaintiff, and the and the collective group of workers he seeks to represent under the FLSA seek payment of back wages and an equal amount of liquidated damages, attorney fees, interest, and costs under 29 U.S.C. §216(b) and N.C.Gen.Stat. §§95-25.22(a), (a1), and (d).

## II.   <u>JURISDICTION</u>

6.    Jurisdiction is conferred upon this Court pursuant to 28 U.S.C. §§1331 and 1337, 29 U.S.C. § 216(b), and 28 U.S.C. §1367(a).

7.    This Court has the power to grant declaratory relief pursuant to 28 U.S.C. Sections 2201 and 2202.

## III.   <u>VENUE</u>

8.    Venue over this action lies in this Court pursuant to 28 U.S.C. §§1391(b)(2), 1391(c)(2), and 1391(d), and 29 U.S.C. §216(b).  At all times relevant to this action continuing through the present date, a substantial part of the events or omissions giving rise to this action by the plaintiff occurred in one or more of the counties listed in 28 U.S.C. § 113(a), and defendant OWL, INC. had and continues to have permanent offices located at 400 West Arlington Blvd., Greenville, North Carolina 27834, and 4801 Glenwood Avenue, Suite 200 #5, Raleigh, North Carolina 27612 at all times relevant to this action.

## IV.   <u>NAMED PLAINTIFF</u>

9.    Plaintiff Joe A. Whaley was employed by the enterprise and corporation OWL, INC. beginning by at least October 28, 2014 and continuing through on or about December 14, 2017 within the meaning of 29 U.S.C. §§203(d) and 203(m) and N.C.Gen.Stat. §95-25.2(3) as a driver to provide non-emergency medical transportation (NEMT) to customers of OWL, INC. through the driving of vans with a gross vehicle weight of less than 10,000 pounds in and around Greenville, Pitt County, North

3

Carolina, and other locales in North Carolina and Virginia. In that time period from in or about the middle of June 2016 to in or about the middle of December 2017, the defendant OWL, INC. paid the plaintiff a flat salary regardless of the quantity of hours worked that the plaintiff performed in any particular workweek. During the rest of that time period, the plaintiff was compensated at a specific hourly rate for all hours worked for which defendant OWL, INC. gave him credit. From in or around January 2016 until in or about December 2017, the defendant OWL, INC. permitted the plaintiff to start and end his daily pick ups from the plaintiff's residence in New Bern, North Carolina while reporting to the satellite office of OWL, INC. in Greenville, North Carolina.

V.     DEFENDANT

10.     Upon information and belief, at all times relevant to this action, defendant OWL, INC. (hereinafter referred to as "OWL") was and is an enterprise that was and is engaged in interstate commerce within the meaning of 29 U.S.C. § 203(s)(1)(A) through the provision of NEMT, courier, charter services, and shuttle services in North Carolina, Virginia, South Carolina, Florida, Georgia, Missouri, and California.

11.     Upon information and belief, during each calendar year falling in the four year time period immediately preceding the date on which this action was filed, defendant OWL had an annual gross volume of sales made or business done of not less than $500,000 exclusive of excise taxes at the retail level that were separately stated.

12.     During each calendar year falling in the four year time period immediately preceding the date on this action was filed, one or more employees of defendant OWL and the named plaintiff handled goods or equipment that had moved in interstate commerce within the meaning of 29

4

U.S.C. § 203(s)(1)(A). Those goods or equipment included, but were not limited, to the vans and lifts in the vans that the plaintiff and similarly situated employees handled for OWL as part of their regular employment duties for OWL.

13. At all times relevant to this complaint, Laster B. Walker, Sr. has been and continues to be the CEO, President, and Secretary, part-owner, and co-operator of OWL.

14. At all times relevant to this action, defendant OWL, INC. is and has been incorporated in the state of Florida as a for profit closely held corporation registered to do business in North Carolina, and its registered agent for service of process has been and is Laster B. Walker, Sr., 87 Coles Court, St. Johns, Florida 32259, and 3310 Croasdaile Drive, Suite 301, Durham, NC 27705.

VI.   FLSA COLLECTIVE ACTION ALLEGATIONS

15. The named plaintiff maintains this action against the defendant OWL, INC. for and on behalf of himself and all other similarly situated current and/or former employees of defendant OWL, INC. who employed him and those other similarly situated persons who were compensated on a flat salary basis regardless of the number of hours worked to provide non-emergency medical transportation (NEMT) through the driving of vans with a gross vehicle weight of less than 10,000 pounds in and around Greenville, Pitt County, North Carolina, other locales in North Carolina, Virginia, Georgia, Florida, South Carolina, Missouri, and California for each workweek ending in the three chronological years immediately preceding the date on which this action was filed and continuing thereafter ending on the date final judgment in this action is entered by a U.S. District Court pursuant to the statutory class action procedure specified at 29 U.S.C. §216(b) for each

such similarly situated current and/or former employee of defendant OWL, INC. in that same time period who files, will file, or who has filed a written consent to be a party to this action that is required by 29 U.S.C. §216(b) within the applicable statute of limitation(s) for any such workweek.

16.    The statutory class of similarly situated persons under 29 U.S.C. §216(b) described in ¶15 above is based upon the failure of the defendant to pay an overtime premium required by 29 U.S.C. § 207(a)(1) for all hours worked over 40 in the same workweek to the named plaintiff and each member of that statutory class that he seeks to represent for each hour or part of an hour of actual work that each such similarly situated person was employed to provide non-emergency medical transportation (NEMT) through the driving of vans with a gross vehicle weight of less than 10,000 pounds as part of the defendant's enterprise in the time period described in ¶15 above.

VII.    <u>FIRST RULE 23(b)(3) CLASS (NCWHA §§ 95-25.6 & 95-25.13(1)-(2))</u>

17.    The first class of persons that the named plaintiff seeks to represent under Rule 23(b)(3), Fed. R. Civ. P., for back wages and liquidated damages under N.C. Gen. Stat. §§ 95-25.6, 95-25.13(1)-(2), and 95-25.22, and 13 NCAC Tit. 12 §§ .0803 and .0805 consists of all current and/or former non-supervisory employees of defendant OWL, INC. who were, are or will be compensated on a flat salary basis regardless of the number of hours worked who were, are and/or will be employed by OWL, INC. anywhere in North Carolina to provide non-emergency medical transportation (NEMT) through the driving of vans with a gross vehicle weight of less than 10,000 pounds as part of the defendant's enterprise for any workweek ending in the two chronological years immediately preceding the date on which this action was filed and continuing

6

thereafter until a court of competent jurisdiction enters final judgment in this action who were, are and/or shall be employed by that defendant to work more than forty (40) hours in the same workweek but were not paid at the overtime rate of 1½ times the regular rate at which each such employee was or will be employed by OWL, INC. for all hours worked over 40 in the same workweek.

18.    On information and belief, the class defined in ¶17 above of this complaint consists of in excess of 40 persons. Joinder of all class members would be impracticable if not impossible based upon the extreme geographic dispersion of many of the class members who are former employees of the defendant and the limited education possessed by a significant number of the class members.

19.    The questions of law or fact which are common to the members of this class, and which predominate over any other questions affecting the individual members of this class under Rule 23(b)(3), Fed. R. Civ. P., are: (a) whether the defendant employed the named plaintiff and the class members he seeks to represent for in excess of 40 hours worked during any workweek during the time period covered by the class defined in ¶17 above, and (b) for the work described in ¶19(a) above, did the defendant disclose to the named plaintiff and the members of the class that he seeks to represent that defendant would pay at 1½ the regular rate of pay of the named plaintiff and the class members he seeks to represent for all hours worked in excess of 40 in the same workweek, and (c) whether the defendant is covered by the FLSA; and (d) whether the vans driven by the plaintiff and the putative members of the class defined in ¶17 above to provide NEMT weighed less than 10,000 pounds?

20.    The claims of the named plaintiff are typical of the claims of the class of persons defined in ¶17 above in that the defendant

employed him and those class members defined in ¶17 above to drive a van weighing less than 10,000 pounds to provide NEMT in excess of 40 hours in the same workweek and failed to compensate him and those same putative class members at 1½ times their regular rate of pay for each hour or part of an hour(s) that the defendant employed the named plaintiff and the class members he seeks to represent.

21.   The named plaintiffs will fairly and adequately represent the interests of the class of persons defined in ¶17 above of this complaint.   The undersigned counsel for the named plaintiffs is an experienced litigator who has been name counsel for several class actions.

22.   Plaintiffs' counsel is prepared to advance litigation costs necessary to vigorously litigate this action and to provide notice to the members of the class defined in ¶17 under Rule 23(b)(3).

23.   A class action under Rule 23(b)(3) is superior to other available methods of adjudicating this controversy because, *inter alia*:

(a)   The common issues of law and fact, as well as the relatively small size of the individual claims of each member of the class defined in ¶17 above, substantially diminish the interest of members of the class defined in ¶17 to individually control the prosecution of separate actions;

(b)   Many members of the class defined in ¶17 are unaware of their rights to prosecute these claims and lack the means or resources to secure legal assistance;

(c)   Upon information and belief, there has been no litigation already commenced against the corporate defendant named in this action by the members of the class defined in ¶17 above to determine the questions presented;

8

(d)   It is desirable that the claims be heard in this forum because the defendant has two permanent offices in this district and the cause of action arose in this district;

(e)   A class action can be managed without undue difficulty because all defendants regularly committed the violations complained of herein, and were required to and did maintain detailed records concerning each member of the class defined in ¶17 above.

VIII. SECOND RULE 23(b)(3) CLASS (§ 95-25.6 Engaged to Wait & Travel)

24.   The second class of persons that the named plaintiff seeks to represent under Rule 23(b)(3), Fed. R. Civ. P., for back wages and liquidated damages under N.C. Gen. Stat. §§ 95-25.6, 95-25.13(1)-(2), and 95-25.22 and 13 NCAC Tit. 12 §§ .0803 and .0805 consists of all current and/or former non-supervisory employees of the defendant who were, are, and/or will be employed by the defendant in North Carolina to provide NEMT in vans weighing less than 10,000 pounds for any workweek ending at any time in the two year time period immediately preceding the date on which this action is filed to the date final judgment in this action is entered by the court who were not, are not, and will not be paid promised wages for: (a) travel that was and is all in the day's work, and (b) for work time when they were not completely relieved from duty when they were on the road engaged in NMET of OWL, INC. clients.

25.   Upon information and belief, the class defined in ¶24 above of this complaint consists of in excess of 50 persons. Joinder of all class members would be impracticable if not impossible based upon the extreme geographic dispersion of many of the class members who are former employees of the defendants and the limited education in the English language possessed by a significant number of the class members.

26.   The questions of law or fact which are common to the members

9

of this class, and which predominate over any other questions affecting the individual members of this class under Rule 23(b)(3), Fed. R. Civ. P., are:

(a) did defendant OWL, INC. have a policy or practice failing to pay promised wages to its drivers who provided NEMT in North Carolina for: (i) travel that was and is all in the day's work, and (ii) for work time when they were not completely relieved from duty when they were on the road engaged in NMET of OWL, INC. clients, and

(b) did the policy or practice described in ¶26(a) above cause OWL, INC. to not properly count the hours worked so that it failed to pay the plaintiff and the members of the class defined in ¶24 above for all hours worked at the promised hourly rate or at 1½ times the regular rate and promised rate at which the employed and disclosed to the plaintiff and the members of the class defined in ¶24 above pursuant to N.C.Gen.Stat. § 95-25.13(1)-(2) for all hours worked in the same workweek when the total hours worked was in excess of 40 hours in the same workweek?

27. The claim of the named plaintiff is typical of the claims of the class of persons defined in ¶24 above in that the defendants failed to compensate the named plaintiff and the class he seeks to represent at their regular rate of pay and/or 1½ that regular rate when the total of hours worked was actually in excess of 40 hours in the same workweek for each hour or part of an hour(s) that the defendant employed the named plaintiff and the class members defined in ¶24 that he seeks to represent for: (a) travel that was and is all in the day's work, and (b) for work time when they were not completely relieved from duty when they were on the road engaged in NMET of OWL, INC. clients?

28. The named plaintiffs will fairly and adequately represent

10

the interests of the class of persons defined in ¶24 above of this complaint. The undersigned counsel for the named plaintiffs is an experienced litigator who has been name counsel for several class actions.

29. A class action under Rule 23(b)(3) is superior to other available methods of adjudicating this controversy because, *inter alia*:

(a) The common issues of law and fact, as well as the relatively small size of the individual claims of each member of the class defined in ¶24 above, substantially diminish the interest of members of the class defined in ¶24 to individually control the prosecution of separate actions;

(b) Many members of the class defined in ¶24 are unaware of their rights to prosecute these claims and lack the means or resources to secure legal assistance;

(c) Upon information and belief, there has been no litigation already commenced against the corporate defendant named in this action by the members of the class defined in ¶24 above to determine the questions presented;

(d) It is desirable that the claims be heard in this forum because the defendant has two permanent offices in this district and the cause of action arose in this district;

(e) A class action can be managed without undue difficulty because all defendants regularly committed the violations complained of herein, and were required to and did maintain detailed records concerning each member of the class defined in ¶24 above.

IX.  FACTUAL ALLEGATIONS

30. The named plaintiff and/or the similarly situated employees of the defendant OWL, INC. that are described in ¶¶9-10, 15-17, and 24

above of this complaint were employed by OWL, INC. as drivers of vans weighing less than 10,000 pounds that defendant OWL, INC. used to provide NEMT services to its customers throughout North Carolina, Virginia, South Carolina, Florida, Georgia, Missouri, and California for the varying periods of time described in ¶¶8-10, 15-17, and 24 above of this complaint in that same enterprise.

31. As part of the employment described in ¶30 above for the defendant during at least 20 workweeks after March 1, 2015 in calendar year 2015, at least 20 workweeks in calendar year 2016, and in at least 20 workweeks in 2017 and continuing thereafter, the named plaintiff and at least forty (40) other similarly situated employees of defendant OWL, INC. performed hours worked driving clients of OWL, INC. in NEMT at various locations both within and without North Carolina in vans weighing less than 10,000 pounds when the total hours worked in each of those workweeks was in excess of forty (40) hours.

31A. Defendant OWL, INC. suffered and permitted the plaintiff and the employees described in ¶¶15 and 17 to work the hours worked that are described in ¶¶15 and 17 above and was specifically aware of the quantity of hours those employees worked through the daily and regular work assignments that defendant OWL, INC. made to those same employees, and through the weekly or bi-weekly reports of hours worked provided by the plaintiff and those other similarly situated employees to the management of OWL, INC. as a condition of the continuing employment of the plaintiff and those similarly situated employees by OWL, INC.

32. As part of the employment described in ¶30 above for the defendants during at least 20 workweeks after March 1, 2015 in calendar year 2015, at least 20 workweeks in calendar year 2016, and in at least 20 workweeks in 2017 and continuing thereafter, the named plaintiff and

12

at least forty (40) other similarly situated employees of defendant OWL, INC. performed hours worked driving clients of OWL, INC. in NEMT at various locations both within and without North Carolina in vans weighing less than 10,000 pounds when that work included hours worked that was travel that was or is all in the day's work of the named plaintiff and those employees, and for work time when the employee involved was not completely relieved from duty when the plaintiff or employee involved was on the road employed to provide NMET to OWL, INC. clients.

32A. Defendant OWL, INC. suffered and permitted the plaintiff and the employees described in ¶24 to perform the hours worked that are described in ¶24 above and was specifically aware of the quantity and nature of the hours worked by those employees worked through the daily and regular work assignments that defendant OWL, INC. made to those same employees, and through the weekly reports of hours worked provided by the plaintiff and those other similarly situated employees to the management of OWL, INC. as a condition of the continuing employment of the plaintiff and those similarly situated employees by OWL, INC.

33. As part of the employment described in ¶¶31-32A, inclusive, above for the defendants during at least some of those same 20 workweeks after March 1, 2015 in calendar year 2015, at least some of those same 20 workweeks in calendar year 2016, and in at least some of those same 20 workweeks in 2017 and continuing thereafter, the named plaintiff and at least forty (40) other similarly situated employees of defendant OWL, INC. performed hours worked driving clients of OWL, INC. in NEMT at various locations both within and without North Carolina in vans weighing less than 10,000 pounds when that work included hours worked that was travel that was or is all in the day's work of the named

plaintiff and those employees, and for work time when the employee involved was not completely relieved from duty when the plaintiff or employee involved was on the road employed to provide NMET to OWL, INC. clients.

34. Acting pursuant to N.C.Gen.Stat. §§ 95-25.13(1)-(2), for the year in which the plaintiff first began his employment with OWL, INC. and each year thereafter through the present date, the defendant disclosed its employment practices and policies with regard to promised wages to the named plaintiff and those persons OWL, INC. employed to drive vans weighing less than 10,000 pounds in its transportation and NEMT enterprise.

35. Among the disclosures described in ¶34 above that the defendant OWL, INC. made to the named plaintiff and those employees described in ¶¶15, 17, and 24 above was that defendant OWL, INC. paid wages for all hours worked at 1½ times the regular rate of compensation paid to the plaintiff and those same employees for all hours worked in excess of 40 hours in the same workweek.

36. Also included in the disclosures described in ¶34 above that defendant OWL, INC. made to the named plaintiff and those employees described in ¶¶15, 17, and 24 above was that the hours worked that defendant OWL, INC. paid wages for included those hours worked that was travel that was or is all in the day's work of the named plaintiff and those employees, and for hours worked for which the employee involved was not completely relieved from duty when the plaintiff or employee involved was on the road employed to provide NMET of OWL, INC. clients.

37. During all of calendar years 2015, 2016, 2017, and continuing thereafter, the defendant OWL, INC. failed to pay to plaintiff and the employees described in ¶15 above promised wages at 1½ times the regular

14

rate for all hours worked over 40 in the same workweek that the defendant employed the named plaintiff and each member of the collective action described in ¶15 above of this Complaint.

38. During all of calendar years 2015, 2016, 2017, and continuing thereafter, the defendant OWL, INC. failed to pay to plaintiff and the employees described in ¶17 above promised wages at 1½ times the regular rate for all hours worked over 40 in the same workweek that the defendant employed the named plaintiff and each member of the class described in ¶17 above of this Complaint.

39. During all of calendar years 2015, 2016, 2017, and continuing thereafter, the defendant OWL, INC. failed to pay to plaintiff and the employees described in ¶24 above promised wages at the regular rate or promised rate for all hours worked in the same workweek that the defendant employed the named plaintiff and each member of the class action described in ¶24 above of this Complaint for hours worked that was travel that was or is all in the day's work of the named plaintiff and those employees, and for hours worked for which the employee involved was not completely relieved from duty when the plaintiff or employee involved was on the road employed to provide NMET of OWL, INC. clients.

40. As a direct and proximate result of the actions and omissions that are alleged in ¶26 above, the named plaintiff and the members of the collective action defined in ¶¶15-16 above who worked in excess of forty (40) hours per week in the same workweek did not receive wages at the rate and in the amount required by 29 U.S.C. § 207.

41. During all of those same workweeks described in ¶¶17, 24, and 30-40, inclusive, above, the named plaintiff and the classes of similarly situated employees defined in ¶¶17 and 24 above had and have

an express or implied agreement with the defendants that one or more of the defendants would pay them all promised wages when those wages were due on the regular payday for those wages at the rate and for the hours worked that defendant OWL, INC. disclosed to them pursuant to N.C.Gen.Stat. § 95-25.13(1)-(2) for all hours worked that the named plaintiff and those same similarly situated employees performed for defendant OWL, INC. as alleged above.

42. The defendant has not complied and, upon information and belief, will not comply with the express or implied agreement described in ¶41 above, and by failing to comply, has failed to pay the named plaintiff and the classes of similarly situated employees defined in ¶¶17 and 24 above all of the wages that the named plaintiff and those similarly situated employees were and are due when those wages were due in violation of G.S. § 95-25.6.

43. As a direct and proximate result of the actions and omissions that are alleged in ¶¶41-42 above, for those workweeks when the named plaintiff and the class of similarly situated employees defined in ¶17 above worked in excess of forty (40) hours per week in the same workweek, the plaintiff and the members of the class defined in ¶17 above did not receive all promised wages when due at the rate that was disclosed to them pursuant to N.C.Gen.Stat. §§ 95-25.13(1)-(2) in violation of N.C.Gen.Stat. § 95-25.6.

44. As a direct and proximate result of the actions and omissions that are alleged in ¶¶41-42 above, for those workweeks when the named plaintiff and the class of similarly situated employees defined in ¶24 above performed hours worked in excess of or less than forty (40) hours per week in the same workweek when the hours worked included hours worked that was travel that was or is all in the day's work, and/or for

16

hours worked for which the employee involved was not completely relieved from duty when the employee involved was on the road employed to provide NMET of OWL, INC. clients, the plaintiff and the members of the class defined in ¶24 above did not receive all promised wages when due at the rate that was disclosed to them pursuant to N.C.Gen.Stat. §§ 95-25.13(1)-(2) in violation of N.C.Gen.Stat. § 95-25.6.

45.   Long before 2015, the defendant OWL, INC. was and continues to be an experienced employer who was and continues to be familiar with the FLSA and the NCWHA, and the requirements of both of those statutes with respect to what they require and required with respect to the wage rate to be paid for work in excess of forty (40) hours in the same workweek, what is and was considered to be the regular rate at which an employee is employed, what is considered to be hours worked when the work was travel that was or is all in the day's work, and/or for hours worked for which the employee involved was not completely relieved from duty when the employee involved was on the road employed to provide NMET of OWL, INC. clients.

46.   Upon information and belief, long before 2015, the defendant OWL, INC. was aware that their failure to pay wages at 1½ times the regular rate at which OWL, INC. employed the plaintiff and similarly situated employees as drivers to provide NEMT in vans weighing less than 10,000 pounds for all hours worked in excess of 40 hours in the same workweek was a violation of the overtime wage payment requirements of the FLSA and the NCWHA.

47.   Upon information and belief, before 2015, the defendant OWL, INC. was aware that their failure to pay promised wages at the regular rate at which the plaintiff and the similarly situated employees were employed as drivers to provide NEMT in vans that weighed less than

17

10,000 pounds for all hours worked that OWL, INC. employed the plaintiff and similarly situated employees to do so when the work was travel that was or is all in the day's work, and/or for hours worked for which the employee involved was not completely relieved from duty when the employee involved was on the road employed to provide NMET of OWL, INC. clients was a violation of the wage payment and overtime wage payment requirements of the FLSA and the NCWHA.

X.    FIRST CLAIM FOR RELIEF (FLSA 29 U.S.C. § 207)

48.    Paragraphs 1 through 47 above are realleged and incorporated herein by reference by the named plaintiff and each member of the collective action described in ¶¶15-16 above of this complaint that the named plaintiff seeks to represent pursuant to 29 U.S.C. §216(b) against defendant OWL, INC.

49.    The defendant OWL, INC. did not pay all wages due to the named plaintiff and the collective group of persons defined in ¶¶15-16 above of this complaint that the named plaintiff seeks to represent under 29 U.S.C. §216(b) at the rate required by 29 U.S.C. § 207(a) for the work described in ¶¶9-16, and 30-47 above of this Complaint.

50.    As a result of these willful actions of the defendant OWL, INC. in reckless disregard of the rights of the named plaintiff and each person who is a member of the collective group of persons defined in ¶¶15-16 above of this complaint under 29 U.S.C. § 207(a), the named plaintiff and each such collective action member have suffered damages in the form of unpaid wages and liquidated damages that may be recovered under 29 U.S.C. §216(b).

XI.    SECOND CLAIM FOR RELIEF (NCWHA §§ 95-25.6, 95-25.13(1)-(2))

51.    Paragraphs 1 through 47 above are realleged and incorporated herein by reference by the named plaintiff and the class of persons

18

defined in ¶17 above against defendant OWL, INC.

52. The defendants did not pay and will not pay all wages due when those wages were and will be due to the named plaintiff and the class of persons defined in ¶17 above on the regular payday for those same employees for the work described in ¶¶9-23, inclusive, 26-27, and ¶¶30-47, inclusive, above of this Complaint in violation of the agreement, promised wages, and disclosures described in ¶¶26-27, 34-36, 41-43 above of this Complaint and N.C.Gen.Stat. §§ 95-25.13(1)-(2), and 95-25.6.

53. As a result of these actions of the defendants in violation of the rights of the named plaintiff and the class of persons defined in ¶17 above, the named plaintiff and the members of that same class have suffered damages in the form of unpaid wages and liquidated damages that may be recovered under N.C.Gen.Stat. §§95-25.22(a) and 95-25.22(a1).

XII. THIRD CLAIM FOR RELIEF (NCWHA §§ 95-25.6, 95-25.13(1)-(2))

54. Paragraphs 1 through 47 above are realleged and incorporated herein by reference by the named plaintiff and the class of persons defined in ¶24 above against defendant OWL, INC.

55. The defendants did not pay and will not pay all wages due when those wages were and will be due to the named plaintiff and the class of persons defined in ¶24 above for the work described in ¶¶9-14, inclusive, and 24-47, inclusive, above of this Complaint on the regular payday for those same employees in violation of the agreement, promised wages, and disclosures described in ¶¶34, 36, 41-42, and 44 above of this Complaint, and N.C.Gen.Stat. §§ 95-25.13(1)-(2), and 95-25.6.

56. As a result of these actions of the defendants in violation of the rights of the named plaintiff and the class of persons defined in ¶24 above, the named plaintiff and that same class have suffered damages

19

in the form of unpaid wages and liquidated damages that may be recovered under N.C.Gen.Stat. §§95-25.22(a) and 95-25.22(a1).

WHEREFORE Plaintiff respectfully requests that the Court:

(a)   Grant a jury trial on all issues so triable;

(b)   Certify the named plaintiff as representative of the group of persons defined in ¶¶15-16 above of this Complaint in a collective action class action for back wages and liquidated damages under 29 U.S.C. §216(b) pursuant to 29 U.S.C. §216(b);

(c)   Certify the named plaintiff as representative of the class of persons defined in ¶17 above of this Complaint in a class action under Rule 23(b)(3), Fed.R.Civ.P., for back wages and liquidated damages under N.C.Gen.Stat. §§ 95-25.6, 95-25.13(1)-(2), and 95-25.22(a)-(a1);

(d)   Certify the named plaintiff as representative of the class of persons defined in ¶24 above of this Complaint in a class action under Rule 23(b)(3), Fed.R.Civ.P., for back wages and liquidated damages under N.C.Gen.Stat. §§ 95-25.6, 95-25.13(1)-(2), and 95-25.22(a)-(a1);

(e)   Enter judgment under the FSLA against OWL, INC., and in favor of the named plaintiff and all other similarly situated employees of that same defendant that are described in ¶¶15-16 above of this Complaint for compensatory damages against the defendant OWL, INC. under the First Claim for Relief in an amount equal to the total of the unpaid wages due the named plaintiff and each member of the collective action that is defined in ¶¶15-16 above of this Complaint, jointly and severally, under 29 U.S.C. §§ 207(a) and 216(b) for any workweek in which the named plaintiff or any member of the collective action defined in ¶¶15-16 above of this Complaint performed the work described in ¶¶9-16, and 30-47 above of the Complaint, plus an equal additional amount as liquidated damages under 29 U.S.C. §216(b), plus interest in the manner

20

and at the rate allowed by law;

(f)   Enter judgment under the NCWHA against OWL, INC., and in favor of the named plaintiff and each member of the class defined in ¶17 above of this Complaint for compensatory damages against the defendant OWL, INC. under the Second Claim for Relief in an amount equal to the total of the unpaid wages due the named plaintiff and each member of the class defined in ¶17 above under G.S. §§95-25.6 and 95-25.13(1)-(2) for any workweek in which the named plaintiff performed in excess of 40 hours work in the same workweek as described in ¶¶9-23, inclusive, and ¶¶30-47, inclusive, above of this Complaint, plus an equal additional amount as liquidated damages under G.S.§§95-25.22(a) and 95-25.22(a1), plus interest in the manner and at the rate prescribed in N.C.Gen.Stat. §95-25.22(a);

(g)   Enter judgment under the NCWHA against OWL, INC., and in favor of the named plaintiff and each member of the class defined in ¶24 above for compensatory damages against the defendant OWL, INC. under the Third Claim for Relief in an amount equal to the total of the unpaid wages due the named plaintiff and each member of the class defined in ¶24 above under G.S. §§95-25.6 and 95-25.13(1)-(2) for any workweek in which the named plaintiff performed the work described in ¶¶24 and 30-36, 39, 41-42, and 44 above of the Complaint, plus an equal additional amount as liquidated damages under G.S.§§95-25.22(a) and 95-25.22(a1), plus interest in the manner and at the rate prescribed in N.C.Gen.Stat. §95-25.22(a);

(h)   Award the named plaintiff the costs of this action against defendant OWL, INC. pursuant to 29 U.S.C. § 216(b) and N.C.Gen.Stat. § 95-25.22(d);

(i)   Award the named plaintiff reasonable attorney fees under and

21

N.C.Gen.Stat. §95-25.22(d) and 29 U.S.C. §216(b) against defendant OWL, INC.;

(j) Award prejudgment and post judgment interest against the defendant OWL, INC. at the highest amount authorized by applicable law on any amount of monetary damages awarded for back wages as requested in paragraph (e)-(f) above of this Prayer for Relief based upon such date(s) as may be appropriate under applicable law;

(k) Award such other relief as may be just and proper in this action.

This the 6th day of March, 2018.

LAW OFFICE OF ROBERT J. WILLIS, P.A.

BY:/s/Robert J. Willis
        Robert J. Willis
        Attorney at Law
        NC Bar #10730
        (mailing address)
        P.O. Box 1828
        Pittsboro, NC  27312
        Tel:(919)821-9031
        Fax:(919)821-1763
        488 Thompson Street
        Pittsboro, NC  27312
        Counsel for Plaintiff
        rwillis@rjwillis-law.com

<u>**CONSENT TO SUE**</u>

I, <u>Joe A. Whaley</u>, hereby consent to be a
party under 29 U.S.C. §216(b) to this lawsuit to assert my right
to the lawful wage required by the Fair Labor Standards Act.

<u>Joe A. Whaley</u>
SIGNATURE

<u>Feb. 9, 2018</u>
DATE