IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION

| | | |
|---|---|---|
| JOE A. WHALEY, both individually and on behalf of all other similarly situated persons, | ) ) ) | |
| | ) | CIVIL ACTION NO.: |
| Plaintiffs, | ) ) | 4:18-CV-46-D |
| v. | ) ) ) ) | **JOINT MOTION AND MEMORANDUM FOR APPROVAL OF FLSA SETTLEMENT AGREEMENT AND DISMISSAL** |
| OWL, INC., | ) ) | **WITH PREJUDICE** |
| Defendant. | ) ) | |

NOW COME THE PARTIES HERETO, the Plaintiff Joe A. Whaley (hereinafter referred to as the "Plaintiff" and jointly with the Defendant as the "Parties") and the Defendant, Owl, Inc., (hereinafter referred to as the "Defendant") by and through their attorneys and file this Joint Motion for Approval of Settlement Agreement and Dismissal with Prejudice.

Plaintiff filed a Complaint in this matter on behalf of himself and other similarly situated employees alleging that Defendant's pay practices violated the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §201 *et. seq.*, and the North Carolina Wage and Hour Act ("NCWHA"), N.C. Gen. Stat. §§ 95-25.4, 95-25.6, and 95-25.13(1)-(2). Specifically, Plaintiff alleged that Defendant failed to pay him for all hours worked, for overtime for all hours worked over 40 hours in a week, at lower than the hourly rate disclosed to him pursuant to N.C.Gen.Stat. §§ 95-25.13(1)-(2)

and 41 U.S.C. § 351(a)(4) of the Service Contract Act, and improperly classified him as an exempt employee pursuant to 29 U.S.C. § 213(a)(1).

After the Defendant's response to requests for admission, interrogatories, and request for production of documents in the discovery period, the Parties began to communicate about the possible settlement of the plaintiff's claims. As a result of several weeks of discussions, the Parties were able to settle this matter in November 2018. The Parties reached a settlement agreement that is designed to avoid the cost, length and uncertainty of litigation. The Parties now respectfully request the Court approve the terms of this new Settlement Agreement, a copy of which is attached hereto and incorporated herein as Exhibit A, dismiss this case with prejudice, and retain jurisdiction for the limited purpose of enforcing the terms of the Parties' Settlement Agreement.

Because this is a settlement agreement in a case for which a claim for class certification has been made but not yet ruled upon, the parties have addressed the Court's obligations under *Shelton v. Pargo, Inc.*, 582 F2d 1298 (4th Circuit 1978) ("*Shelton*"). *Shelton* speaks to the Court's responsibilities in approving a settlement agreement in those circumstances.

Pursuant to *Shelton*, a court in a circumstance such as that before this Court, must first "determine what 'claims are being compromised' between a plaintiff and defendant and whether the settling plaintiff has used the class action claim for unfair person aggrandizement in the settlement with prejudice to absent putative class members." *Shelton*, 582 F.2d at 1302-07. As the *Shelton* court acknowledged,

if the settlement is in the pre-certification stage, the absent class members are not legally bound by its terms; therefore, this Court reasonably should give less weight to the possibility of prejudice to the absent putative class members. *Shelton*, 582 F.2d at 1303-04. The Court is to focus on whether there was collusion in effectuating the settlement. *Id.*, 582 F.2d at 1305-06. In so doing, the District Court must carefully review the terms of the settlement agreement with particular emphasis on the amount paid the Plaintiff and the Plaintiff's counsel. In this case, the attached Declaration of Plaintiff's counsel makes it clear that there has been no collusion by the parties. Additionally, no exorbitant compensation is to be paid to either the Plaintiff, in light of the work he performed for the Defendant, or his counsel, given the hours Plaintiff's counsel has expended in this case.

Further, a review of the amount allegedly owed to the Plaintiff in this litigation confirms that the Plaintiff is not receiving an extraordinary windfall and has not benefitted from "personal aggrandizement" as a result of stepping forward as the representative party in this litigation. Indeed, the payments to the named Plaintiff are consistent with the available remedies under the applicable statutes in this matter. This Settlement Agreement confirms that the total settlement amount is $48,600. The payment to the Plaintiff in this litigation is $18,000.00, which is not extraordinary or exceed a reasonable settlement amount given the fact that the Plaintiff has stepped forward as the designated class representatives and there are also state law claims being resolved as a part of the settlement currently before this Court. Further, the modest sums involved provide ample evidence that, consistent

with *Shelton vs. Pargo*, *supra*, the settlement is proper and no collusion exists between the Plaintiff, Plaintiff's counsel and the Defendants and their counsel.

In addition, consistent with relevant jurisprudence concerning the settlement of FLSA claims the parties have considered and addressed each of the factors identified in the case *Poulin v. General Dynamics Shared Resources, Inc.*, 2010 WL 1813497 (W.D. Va. May 5, 2010), that a court must consider as a part of approving settlement under the Fair Labor Standards Act.

Under *Poulin*, the court is to "determine that a settlement proposed by an employer and employees, in a suit brought by the employees under the FLSA, is a fair and reasonable resolution of a bona fide dispute over FLSA provision." *Poulin* at page 1 citing *Lynn's Food Stores, Inc. v. United States*, 679 F2d 1350, 1355 (11th Cir. 1982). When considering a motion to approve a FLSA settlement, courts are required to weigh the following factors: (1) the extent of discovery that has taken place; (2) the stage of the proceedings, including the complexity, expense and likely duration of the litigation; (3) the absence of fraud or collusion in the settlement; (4) the experience of counsel who have represented the plaintiffs; and (5) the probability of plaintiffs' success on the merits and (6) the amount of the settlement in relation to the potential discovery. *Poulin* at page 1 citing *Lomascolo v. Parsons Brinckerhoff, Inc.*, 2009 WL 3094955 at 10 (E.D. Va. Sept. 28, 2009). The *Poulin* factors are addressed in the Declaration by Robert J. Willis that is submitted in support of this Joint Motion. First, the Declaration of Mr. Willis confirms that Defendant had produced extensive time and payroll records. Both of the parties

had analyzed the facts and records to determine whether a violation of the FLSA occurred and the possible damages. Both counsels prepared spreadsheets with their calculations of back wages due to the Plaintiff. The amount reached as settlement in this matter was greater than the back wages calculated by Defendant's counsel and less than the back wages calculated by Plaintiff's counsel. As noted in the Declaration of Robert J. Willis, there was no collusion between the parties or fraud in the settlement. It was the settlement of a legitimately disputed claim at a legitimate and reasonable amount that was clearly negotiated at arms-length. The attached Declaration of Robert J. Willis also confirms that counsel for the parties agreed upon counsel fees and costs that are set forth in the Settlement Agreement copied in Exhibit A attached separately and without regard to the amounts to be paid to the Plaintiff pursuant to the procedure described in *Bonetti v. Embarq Management Co.*, 715 F.Supp.2d 1222, 1227-28 (M.D. Fla. 2009).

The Declaration of Mr. Willis confirms that he has literally decades of experience negotiating Fair Labor Standards Act claims. The uncontested evidence before this Court is that Mr. Willis has been litigating FLSA claims for in excess of three decades. Counsel for Defendant, J. Larry Stine, has been litigating FLSA claims since 1975.

While it is difficult to ever predict the likelihood of success on the merits of any claim, the Declaration of Mr. Willis confirms that the Plaintiff's likelihood of success, though by no means assured or guaranteed, either on its merits or indeed to establish necessary elements for a class action. However, should the Plaintiff

5
00108270    Case 4:18-cv-00046-D    Document 22    Filed 12/01/18    Page 5 of 8

had prevailed on the merits, either as a class or individually, the North Carolina state statute under which a portion of the Plaintiff's claims were brought, provides for potentially substantial damages well in excess of the settled amount. As a result, it seems clear from both the defense and Plaintiff's perspective, this matter was settled at a fair and reasonable amount.

As a result, the parties to this litigation respectfully request through this Joint Motion for Approval of the Settlement Agreement and Dismissal with Prejudice that the Court find sufficient basis in the record to approve the settlement and enter the attached proposed order approving the settlement as agreed by the parties and dismissing this matter with prejudice.

Respectfully submitted this 1st day of December, 2018.

| | |
|---|---|
| WIMBERLY LAWSON STECKEL SCHNEIDER & STINE, P.C. | LAW OFFICE OF ROBERT J. WILLIS, P.A. |
| */s/ J. Larry Stine* | */s/ Robert J. Willis, Esq.* |
| J. Larry Stine | Robert J. Willis, Esq. |
| *Admitted Pro Hac Vice* | NC Bar #10730 |
| jls@wimlaw.com | rwillis@rjwillis-law.com |
| 3400 Peachtree Rd., N.E. | P.O. Box 1828 |
| Suite 400 | Pittsboro, NC 27312 |
| Atlanta, GA 30326 | |
| Tel: (404) 365-0900 | Tel: (919)821-9031 |
| Fax: (404) 261-3707 | Fax: (919)821-1763 |
| | *Counsel for Plaintiff* |
| M. LEE DANIELS, JR. P.C. | |
| */s/ M. Lee Daniels, Jr.* | |
| M. Lee Daniels, Jr. | |
| NC Bar #10300 | |
| mls@wimlaw.com | |
| 1200 Woodruff Road, Suite A-3 | |

Greenville, South Carolina 29607
Tel: (864) 242-9484
Fax: (864) 288-7937

*Attorneys for Defendant*

CERTIFICATE OF SERVICE

I hereby certify that on December 1, 2018 I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following: J. Larry Stine, Esq. at jls@wimlaw.com; M. Lee Daniels, Esq. at mld@wimlaw.com; Elizabeth K. Dorminey, Esq. at ekd@wimlaw.com.

This the 1st day of December, 2018.

Respectfully submitted,

/s/Robert J. Willis
Robert J. Willis, Esq.
Law Office of Robert J. Willis, P.A.
E-mail: rwillis@rjwillis-law.com